UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SAMANTHA KISER,

  Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

  Defendant.

Case No. 3:16-cv-317

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

  This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 12. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 13), the Commissioner's memorandum in opposition (doc. 14), Plaintiff's reply (doc. 15), the administrative record (doc. 10),[2] and the record as a whole.

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

**I.**

**A.    Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of April 20, 2006.  PageID 392-401, 422.  Plaintiff suffers from a number of impairments including, *inter alia*, an affective disorder and anxiety.  PageID 74.

After an initial denial of her applications, Plaintiff received a hearing before ALJ Shirley Michaelson on March 20, 2012.  PageID 162-208.  ALJ Michaelson issued a written decision on June 4, 2012 finding Plaintiff not disabled.  PageID 134-54.  Thereafter, the Appeals Council denied Plaintiff's request for review.  On appeal to this Court, Judge Rose granted the parties' joint motion for a Sentence Four remand.  *See Kiser v. Comm'r*, No. 3:13-cv-178 (S.D. Ohio Aug. 30, 2013).  As a result, the case was remanded to the ALJ for further proceedings.  *Id*.

On remand, Plaintiff received a hearing before ALJ David Redmond on July 21, 2014.  PageID 97-113.  ALJ Redmond issued a written decision on November 14, 2014 finding Plaintiff not disabled.  PageID 68-87.  Specifically, ALJ Redmond found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]"  PageID 71-87.

The Appeals Council affirmed ALJ Redmond's decision, and Plaintiff timely appealed to this Court.  The decision and analysis by ALJ Redmond (hereinafter "ALJ") are now before the Court for review.

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 404.1567.  Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls."  *Id*. § 404.1567(b).  An individual who can perform light work is presumed to also be able to perform sedentary work.  *Id*.  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."  *Id*. § 404.1567(a).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 71-87), Plaintiff's Statement of Errors (doc. 13), the Commissioner's memorandum in opposition (doc. 14), and Plaintiff's reply (doc. 15). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this decision herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.  **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520. Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by improperly: (1) rejecting the opinions of her treaters including, *inter alia*, treating psychiatrist Darshan Singh, M.D.; (2) weighing reports by non-treating medical sources; and (3) assessing her credibility. Finding

error in the ALJ's rejection of treating source opinions (Plaintiff's first alleged error), the Court does not address the merits of Plaintiff's remaining two alleged errors and, instead, directs that they be addressed on remand.

Until March 27, 2017, "the Commissioner's regulations [which apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

5

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*.

Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Dr. Singh opined in March 2011 that Plaintiff has "extreme" limitations in her ability to maintain social functioning, and is "markedly limited"[6] in her ability to perform activities of daily living and maintain concentration, persistence or pace in a work environment. PageID 79-80. The ALJ assigned Dr. Singh's opinion "no weight whatsoever," finding that it was "neither well supported by medically acceptable clinical and laboratory diagnostic techniques nor consistent with other substantial evidence in the case record." PageID 79. Instead, the ALJ concluded that Dr. Singh's opinion "could only be based on uncritical acceptance of the claimant's subjective complaints." *Id.*

The ALJ's statement in this regard fails to satisfy the requirements of the treating physician rule set forth in 20 C.F.R. § 404.1527(c). *See Gayheart v. Comm'r of Soc. Sec.*, 710

---

[6] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," see *Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. See 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

F.3d 365, 377 (6th Cir. 2013). The ALJ's conclusory statement -- that Dr. Singh's opinion is not "well supported by medically acceptable clinical and laboratory diagnostic techniques nor consistent with other substantial evidence in the case record[,]" PageID 79 -- is ambiguous because "[o]ne cannot determine whether the purported problem is that the opinions rely on findings that are not objective (*i.e.*, that are not the result of medically acceptable clinical and laboratory diagnostic techniques, *see* 20 C.F.R. § 404.1527(c)(2)), or that the findings are sufficiently objective but do not support the content of the opinions." *Gayheart*, 710 F.3d at 377.

Further, insofar as the ALJ may have concluded that the record was devoid of any clinical findings,[7] such conclusion is unsupported by substantial evidence. In fact, Plaintiff's treatment records reflect that, upon examination, she consistently appeared tired, depressed, anxious, irritable, overwhelmed, worried and withdrawn. PageID 587, 589, 596, 602, 603-05, 607-09, 677-81, 683, 1068-69, 1071, 1075, 1077, 1081-82, 1126-30, 1177-79. Insofar as the ALJ concluded that such clinical findings do not support Dr. Singh's opinion, the ALJ sets forth no specific or meaningful explanation in that regard. In light of these objective clinical findings, the ALJ's conclusion -- that Dr. Singh's opinion must be based on "uncritical acceptance of [Plaintiff's] subjective complaints" -- is unsupported by substantial evidence. *See supra*.

With regard to the purportedly inconsistent "other substantial evidence in the case record" undermining Dr. Singh's opinion, it is not entirely clear what evidence the ALJ references. *See* PageID 79. Insofar as the ALJ relied on the opinions of "[o]ther mental health professionals" who purportedly presented less drastic assessments of the claimant's mental functioning capabilities, *see* PageID 573, 577-79, 661, 665-67, such reliance -- in declining controlling weight to Dr. Singh's opinion -- is error. *See Gayheart*, 710 F.3d at 377 (holding that

---

[7] With regard to clinical findings of a mental impairment, the Sixth Circuit has "acknowledged the difficulty inherent in proving psychological disabilities." *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 526 (6th Cir. 2014). "'[W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology.'" *Id*. (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989)).

7

"the conflicting substantial evidence must consist of more than the medical opinions of the nontreating and nonexamining doctors" because "[o]therwise the treating-physician rule would have no practical force because the treating source's opinion would have controlling weight only when the other sources agreed with that opinion").

Insofar as the other purported substantial evidence of record are Global Assessment of Functioning ("GAF")[8] scores of 51 and 58, the Court notes that a GAF score is merely a "snapshot of a person's 'overall psychological functioning' at or near the time of evaluation[,]" and its relevance "is isolated to a relatively brief period of time[.]" *Laning v. Comm'r of Soc. Sec.*, No. 3:15-CV-75, 2016 WL 1729650, at *6 (S.D. Ohio Mar. 28, 2016) (citing *White v. Colvin*, No. 3:13CV00171, 2014 WL 2813310, at *10 (S.D. Ohio June 23, 2014)). As a result, GAF scores have "little value in assessing disability[,]" *id.*, and it is generally improper for an ALJ to rely on a GAF score to discredit a medical source's specific opinion about an individual's work-related abilities and limitations. *Mosley v. Comm'r of Soc. Sec.*, No. 3:14-CV-278, 2015 WL 6857852, at *5 (S.D. Ohio Sept. 14, 2015) (citations omitted).

Finally, insofar as the ALJ relied on Plaintiff's purported ability to take care of her three children and occasionally perform household chores, the undersigned finds that her engagement in such activities is insufficient to undermine Dr. Singh's opinion concerning Plaintiff's inability to perform work on a sustained basis as a result of her severe mental impairments. Specifically,

---

[8] GAF is a tool used by health care professionals to assess a person's psychological, social, and occupational functioning on a hypothetical continuum of mental illness. Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000) ("DSM-IV"). "The most recent (5th) edition of the Diagnostic and Statistical Manual of Mental Disorders does not include the GAF scale." *Judy v. Colvin*, No. 3:13-cv-257, 2014 WL 1599562, at *11 (S.D. Ohio Apr. 21, 2014); *see also* Diagnostic and Statistical Manual of Mental Disorders 16 (5th ed. 2013) ("DSM-V") (noting recommendations "that the GAF be dropped from [DSM-V] for several reasons, including its conceptual lack of clarity ... and questionable psychometrics in routine practice"). As set forth in the DSM-IV, a GAF score of 41-50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). " *Id.* A GAF score of 51-60 is indicative of "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks)" or "moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." *Id.*

8

at the 2014 administrative hearing, Plaintiff testified that she performs no cooking (her boyfriend does so), no grocery shopping (her boyfriend again does so), and no driving (her boyfriend likewise performs all the driving). PageID 104-05. Plaintiff testified that she goes to bed at 11:00 p.m., awakes the following afternoon at 3:00 p.m., and "basically watch[es] TV and just [lies] there." *Id.* While a single treatment note reflects caring for her children and doing chores, her testimony during the 2012 administrative hearing details the extent of such activities -- namely, that she lays out their clothes, makes cereal or frozen waffles for breakfast, and drives them a short distance to school, but spends the majority of her time in bed. PageID 180-81.

Based upon the foregoing, the ALJ's analysis regarding the weight accorded Dr. Singh's opinion is unsupported by substantial evidence. Reversal is mandated.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

The Court finds that a remand for further proceedings is necessary. On remand, all medical source opinions -- including, among others, Drs. Singh, Gomaa, and Rorrer -- as well as any new medical source opinions, must be weighed anew in accordance with the regulations, with care to ensure that all opinions be scrutinized equally. *See Gayheart*, 710 F.3d at 379.

## V.

For the foregoing reasons, (1) the Commissioner's non- disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   September 27, 2017              s/ Michael J. Newman
                                        Michael J. Newman
                                        United States Magistrate Judge