UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SAMANTHA K.,

    Plaintiff,

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:16-cv-317

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ALLOWANCE OF ATTORNEY FEES UNDER 42 U.S.C. § 406(b) (Doc. No. 26); (2) AWARDING PLAINTIFF'S COUNSEL $23,000.00 IN FEES; (3) DIRECTING PLAINTIFF'S COUNSEL TO REFUND TO PLAINTIFF, WITHIN FOURTEEN DAYS, THE $6,180.00 EAJA FEES PREVIOUSLY AWARDED TO COUNSEL; AND (4) CLARIFYING THAT THIS CASE REMAINS TERMINATED ON THE DOCKET**

---

      Previously in this Social Security appeal, the Court reversed the Administrative Law Judge's non-disability finding and remanded this case to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings. Doc. No. 16. On remand, Plaintiff was awarded benefits. Doc. No. 26 at Page ID 1636 and Exhibit B. Upon the parties' two joint motions, the Court awarded Plaintiff's counsel attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the total amount of $6,180.00. Doc. Nos. 19, 24. Counsel now seeks, in an unopposed motion, an award of a contingency fee. Doc. No. 26 at PageID 1635. If such a fee is awarded, the EAJA fee is refunded to Plaintiff. *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).

      The Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal. *See* 42 U.S.C. §§ 406(b)(1), 1383(d)(2). However, such fees

may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. *Id*. Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

In this case, the $23,000.00 fee Plaintiff's counsel now seeks, divided by the hours spent working on the case, results in a hypothetical hourly rate of $606.86.[1] Doc. No. 26 at PageID 1637. This hypothetical hourly rate is—without dispute and based upon the materials submitted in support of Plaintiff's motion—more than reasonable in light of the skill and experience of Plaintiff's counsel. *Compare McCrystal v. Comm'r of Soc. Sec.*, No. 1:22-cv-1072, 2025 WL 2578139, at *2 (N.D. Ohio Sep. 5, 2025) (and cases cited therein); *Twyla D. v. Comm'r of Soc. Sec.*, No. 3:19-cv-368, 2025 WL 715510, at *2 (S.D. Ohio Mar. 6, 2025) (approving a $728.60 hypothetical hourly rate).

Based upon the foregoing: (1) Plaintiff's unopposed motion for a § 406(b) fee award is **GRANTED**; (2) Plaintiff's counsel is **AWARDED** the requested sum of $23,000.00 in attorney's fees; and (3) Plaintiff's counsel is **ORDERED** to reimburse to Plaintiff, within **FOURTEEN (14) DAYS**, the $6,180.00 EAJA fees previously awarded to counsel. As no further matters remain pending for review, this case remains **TERMINATED** upon the docket.

**IT IS SO ORDERED.**

October 20, 2025  s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge

---

[1] Plaintiff's counsel includes 7.35 hours of paralegal work in the total number of hours worked in this case. Defendant neither opposes nor supports Plaintiff's calculations. *See* Doc. No. 26 at PageID 1635. In the absence of opposition by Defendant, the Court accepts, in this case, Plaintiff's counsel's calculation.